UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 16-04571 SJO (KSx) | DATE: September 15, 2016 |
| TITLE: Maria Mendoza-Topete v. Smarte Carte, Inc. | |

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                               Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** [Docket No. 15]

This matter is before the Court on Plaintiff Maria Mendoza-Topete's ("Plaintiff") Motion to Remand ("Motion"), filed on July 21, 2016. In the Motion, Plaintiff requested an award of attorney's fees ("Request for Attorney's Fees"). Defendant Smarte Carte, Inc. ("Defendant") opposed the Motion ("Opposition") on August 26, 2016. Plaintiff filed her Reply ("Reply") on September 1, 2016. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for hearing on September 19, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Motion to Remand and **DENIES** the Request for Attorney's Fees.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on May 25, 2016 in Superior Court for the County of Los Angeles. Plaintiff's Complaint contains eight causes of action for (1) discrimination, Cal. Gov't Code §§ 12940 *et seq.*; (2) retaliation, Cal. Gov't Code §§ 12940 *et seq.*; (3) failure to prevent discrimination and retaliation, Cal. Gov't Code § 12940(k); (4) retaliation, Cal. Gov't Code §§ 12945.2 *et seq.*; (5) failure to prevent discrimination and retaliation, Cal. Gov't Code §§ 12940 *et seq.*; (6) failure to engage in a good faith interactive process, Cal. Gov't Code §§ 12940 *et seq.*; (7) wrongful termination in violation of public policy; and (8) declaratory judgment. (*See generally* Notice of Removal ("Removal"), ECF No. 8, Ex. A ("Complaint"), ECF No. 8-1). Plaintiff was employed by Defendant, a private luggage cart company, as a luggage cart collector. (Compl. ¶ 16). On or about February 2012, Plaintiff was injured while working but continued to work until September or October 2012. (Compl. ¶¶ 17, 20.) Plaintiff worked 40 hours per week and earned $11.28 per hour. (Compl. ¶ 27.) Plaintiff attempted to return to work on or around December 2014 and was terminated without prior notice. (Compl. ¶¶ 16, 26.)

In her Complaint, Plaintiff seeks lost wages, earnings, commissions, retirement benefits, employment benefits, interest, special damages, general damages for mental pain and anguish, emotional distress, loss of earning capacity, prejudgement interest, as well as declaratory judgement, injunctive relief, punitive damages, costs of suit and attorney's fees, and post-judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| CASE NO.: CV 16-04571 SJO (KSx) | DATE: September 15, 2016 |

interest. (Compl., Prayer for Relief ¶¶ 1-8.) Plaintiff indicates that the amount in controversy is "over $25,000," but does not specify an amount. (Compl.)

On June 24, 2016, Defendant removed the action to this Court based on diversity jurisdiction. (Removal ¶ 1.) On or about July 20, 2016, Defendant's counsel stated to Plaintiff's counsel that Defendant would agree to remand the matter if Plaintiff would stipulate that the amount in controversy is less than $75,000. (Decl. of Alecia Winfield in Supp. of Opp'n ("Winfield Decl.") ¶ 4, ECF No. 19-1.) Plaintiff refused to enter into the stipulation. (Winfield Decl. ¶ 4.)

Plaintiff now seeks to remand the case on the basis that Defendant's Removal fails to offer evidence demonstrating that the amount in controversy will likely exceed $75,000. (Mot. ¶ 26., ECF No.15.) Plaintiff is not disputing diversity of citizenship at this time. (Mot. 1 n.2, ECF No. 15.) In its Opposition, Defendant argues that the case satisfies jurisdictional requirements because the parties are diverse and Defendant demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Opp'n. 1, ECF No. 19.)

For the following reasons, the Court concludes that remand is required because Defendant has not met its burden of showing that Plaintiff has placed more than $75,000 in controversy.

II.     DISCUSSION

    A.     Legal Standard

Pursuant to 28 U.S.C. section 1441(a), a district court has removal jurisdiction over actions brought in state court "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §§ 1332(a)(1), 1441(a). "Jurisdictional facts are assessed on the basis of Plaintiff's complaint at the time of removal." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (citing 28 U.S.C. § 1441). Furthermore, the Ninth Circuit must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

The removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089,1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where there is doubt, "the case should be remanded to state court." *Matheson*, 319 F.3d at 1090 (footnote

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| CASE NO.: <u>CV 16-04571 SJO (KSx)</u> | DATE: <u>September 15, 2016</u> |

omitted). To meet the preponderance of the evidence standard, the removing defendant must "set forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory minimum]." *Gaus*, 980 F.2d at 567 (emphasis in original). The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Courts may consider facts "presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson*, 319 F.3d at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

    B.    <u>Defendant Does Not Show, By a Preponderance of Evidence, That the Amount in Controversy is Satisfied</u>

Plaintiff seeks relief in the form of lost wages, emotional distress damages, attorney's fees, and punitive damages. The parties dispute the amount of each of these categories, which the Court addresses in turn.

    1.    <u>Lost Wages</u>

The parties' disagreement over Plaintiff's hourly wage and termination date has led to discrepancies in the parties' respective calculation of lost wages. First, according to Plaintiff, she received an hourly wage of $11.28 and was terminated around December 12, 2014. (Compl. ¶¶ 16, 27.) Defendant contends that Plaintiff's hourly wage was $11.37 and was terminated on or around November 1, 2014. (Opp'n 5 n.1.) Second, Defendant includes front pay because Plaintiff alleged "future earnings" in her Complaint. (Opp'n 6) (citing Compl. ¶¶ 34, 46.)) Third, Defendant computes Plaintiff's lost wages, which purportedly total $108,394, based on the premise that lost wages are calculated from the time of termination to at least the time of trial. (See Opp'n 5 n.1; Removal ¶ 19 ("[I]f the case proceeds to trial in June 2017, approximately one year from the date of removal, and Plaintiff remains unemployed, Plaintiff will be seeking a total of thirty-one months of lost wages.")). Defendant's calculations are based on a mistaken premise.

The "guiding principle is to measure amount in controversy at the time of removal . . . ." *Soto v. Kroger Co.*, No. CV 12-00780 DOC, 2013 WL 3071267, at *3 (C.D. Cal. June 17, 2013). Notably, Plaintiff does not seek front pay in her prayer for relief, but Defendant includes potential future earnings in its calculation of lost wages. (See Opp'n 5.) Such a calculation is improper. *See Gamino v. HireRight Solutions, Inc.*, No. CV 11-00281 BTM, 2011 WL 1211356, at *2 (S.D. Cal. Mar. 28, 2011) ("[T]he Complaint's prayer does not seek front pay and that Plaintiff's past lost wages . . . do not amount to or exceed $75,000," and lost wages were wages that Plaintiff would have earned **until date of removal**). Even if Plaintiff were seeking front pay or if wages were calculated past the date of removal, Defendant's calculations–based on termination to a potential trial date 188 weeks after Removal, (see Opp'n 5 n.1)–are speculative. *See Gamino*, 2011 WL 1211356, at *2 ("Moreover, even if Plaintiff were seeking front pay, Old Dominion's calculations

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**Priority** _____
**Send** _____
**Enter** _____
**Closed** _____
**JS-5/JS-6** _____
**Scan Only** _____

**CASE NO.:** CV 16-04571 SJO (KSx)          **DATE:** September 15, 2016

regarding the amount of front pay that would be at issue at the time of trial is entirely speculative . . . ."); *see also Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002) (measuring lost wages as of removal, noting that this amount would increase, but declining to project further lost wages by the time of trial).

Even construing the discrepancies regarding hourly wage and date of termination in Defendant's favor, Plaintiff's lost wages as of removal would still fall short of the threshold, totaling approximately $37,445.20. (Mot. 7; *see* Compl. ¶ 27 (estimating lost wages of $32,000).) Defendant has not rebutted this calculation by a preponderance of the evidence. *See Soto*, 2013 WL 3071267, at *3 ("[E]ven assuming, as one logically would, that lost wages would increase as the case went on, [defendant] still has a considerable gap to close to reach a $75,000 amount in controversy.").

         2.          <u>Emotional and Mental Distress Damages</u>

In her Complaint, Plaintiff claims damages for "emotional and mental distress and aggravation in a sum in excess of the jurisdiction minimum of [the state court]," *i.e.*, over $25,000. (Compl. ¶ 35.) Defendant contends that this allegation means that Plaintiff has placed at least $25,000 in emotional distress damages in controversy, and cites cases in support. (Opp'n 7, 9.)

The mere fact that a complaint seeks emotional damages "'in excess' of a particular amount is not sufficient to establish an amount in controversy." *Soto*, 2013 WL 3071267, at *3 (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.")). Defendant may show the amount by introducing evidence of jury verdicts in cases with analogous facts. *See Soto*, 2013 WL 3071267, at *3 (requiring more than "simply cases where the defendant fired the plaintiff").

Here, the mere fact that Plaintiff seeks emotional distress damages in excess of $25,000 does not necessarily establish that at least $25,000 of this category of damages are at issue. Defendant cites jury verdicts from five state court cases ("State Court Cases") where the plaintiff was terminated based on claims of discrimination, harassment, and failure to accommodate due to disability. (*See* Opp'n 8; Winfield Decl. ¶ 5, Ex. B.) These verdicts for emotional distress range from $10,000 (*Hessler v. Cnty. of L.A., Super. Ct. of L.A. Cnty.*, Case No. BC505763) to $1,250,000 (*Vasquez v. L.A. Cnty. Met.*, Super. Ct. of L.A. Cnty., Case No. BC484335). This vast range, in and of itself, casts doubt on Defendant's position that Plaintiff's emotional distress damages "could add at least $25,000 to the amount in controversy, if not substantially more." (Opp'n 9.) Other than providing scanty summaries of the jury verdicts, Defendant makes no effort to analogize the facts of the State Court Cases to Plaintiff's case, or show why the Court should side with the high end of Defendant's estimates. Without more, these estimates are speculative.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: **CV 16-04571 SJO (KSx)**              DATE: **September 15, 2016**

### 3. Attorney's Fees

Plaintiff alleges that the Fair Employment and Housing Act ("FEHA") provides the statutory basis for attorney's fees. (Compl., Prayer for Relief ¶ 6.) Defendant relies on the attorney's fees awarded in the State Court Cases to argue that Plaintiff's attorney's fees, alone, would exceed $75,000 and that "it is reasonable to presume that they could exceed any damages award." (Opp'n 12.) Defendant's argument fails.

"Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds as recognized by Rodriguez v. AT&T Mobility Serv. LLC*, 728 F.3d 975, 976-77 (9th Cir. 2013). Defendant cites *Simmons*, 209 F. Supp. 2d at 1034-35, for the proposition that attorney's fees must be calculated through the resolution of an action. (Opp'n 11.) However, the Ninth Circuit has not yet determined to what point in the litigation attorney's fees should be calculated. *Fortescue v. Ecolab Inc.*, No. CV 14-00253 FMO, 2014 WL 296755, at *3 (C.D. Cal. Jan. 28, 2014); *see also Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases) ("[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case.").

Here, the Court is persuaded that attorney's fees incurred after removal are not properly included because the amount in controversy is determined as of removal. *See Fortescue*, 2014 WL 296755, at *3 (citing *Dukes v. Twin City Fire Ins. Co.*, 2010 WL 94109, *2 (D. Ariz. 2010; *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)). "Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." *Fortescue*, 2014 WL 296755, at *3 (citation omitted). Separate and apart from this timing issue, Defendant merely cites the attorney's fees awards in the State Court Cases without explaining how they are analogous to the case at issue, *e.g.*, by analogizing the time frame of the litigation, number of claims, amount of expected discovery, and other issues that would factor into a calculation of attorney's fees. Defendant has not established any amount in attorney's fees, let alone establish that it would bring the total amount in controversy over $75,000.

### 4. Punitive Damages

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *cert. denied*, 534 U.S. 1104 (2002). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Rather, a defendant "must present evidence that punitive damages will more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 16-04571 SJO (KSx)</u>     **DATE:** <u>September 15, 2016</u>

likely than not exceed the amount needed to increase the amount in controversy to $75,000." *Id.* (adding that this burden may be met by introducing evidence of jury verdicts in analogous cases).

Defendant merely argues that the amount of punitive damages will far exceed $75,000, and references the punitive damages awards in the State Court Cases. (Opp'n 9.) However, Defendant does so "again without analogizing facts from those cases to this case." *See Soto*, 2013 WL 3071267, at *4. Defendant speculates, without offering an estimate or formula, what the punitive damages could be. Particularly in light of the ambiguities discussed above, the Court cannot conclude that an award of punitive damages would be likely, let alone compute an amount. *See, e.g., Gamino*, 2011 WL 1211356, at *3.

     5.    <u>Conclusion</u>

In sum, Defendant has not shown that the total amount in controversy more likely than not exceeds $75,000. Furthermore, Defendant's argument–that Plaintiff's refusal to stipulate to an amount in controversy less than $75,000 is indicative of forum shopping–is unpersuasive. (Opp'n 12-13.) Plaintiff refused to stipulate in July 2016, approximately one month after removal. (Winfield Decl. ¶ 4.) "The Supreme Court has long discouraged reliance on post-removal stipulations and affidavits" because "post-removal stipulations and affidavits . . . are likely to manipulate the amount in controversy to secure jurisdiction in the desired court." *Simmons*, 209 F. Supp. 2d at 1033 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). Accordingly, the Court gives minimal weight to this correspondence. Even if the Court factored the refusal into its calculations, it is unclear what Plaintiff's refusal reveals about the amount in controversy.

     C.    <u>The Court Denies an Award of Attorney's Fees Against Defendant</u>

Plaintiff seeks attorney's fees of $8,000 incurred in opposing Defendant's removal and moving for remand, arguing that Removal was "improperly predicated upon excessive front pay two years past the time of removal," and that the "four corners of the Complaint do not provide objectively reasonable grounds for removal . . . because Plaintiff's wage loss is alleged to be $32,000 and no other specific monetary amount is requested in the Complaint." (Mot. 16.) Defendant argues that it acted "objectively and reasonably" by removing the action to this Court. (Opp'n 13.)

"[C]ourts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Frankline Capital Corp.*, 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although the case law was clear that the amount in controversy is calculated as of the time of removal–contrary to Defendant's method of calculation–the Court declines to grant an award of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** <u>CV 16-04571 SJO (KSx)</u> | **DATE:** <u>September 15, 2016</u> |

attorney's fees. Discrepancies abounded regarding the amounts sought, and the Court cannot conclude that Defendant lacked an objectively reasonable basis for removal. Thus, Plaintiff's Request for Attorney's Fees is **DENIED**.

III.     <u>RULING</u>

For the reasons stated above, Defendant has not established, by a preponderance of the evidence, that the amount in controversy is met. On this ground, the Court lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Motion to Remand is **GRANTED**. Plaintiff's Request for Attorney's Fees is **DENIED**.

IT IS SO ORDERED.